**ASK LLP**
151 West 46th Street, 4th Floor
New York, New York 10036
Telephone: (212) 267-7342
Facsimile: (212) 918-3427
Edward E. Neiger
Marianna Udem

*Counsel to Bookspan LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------X
In re:                                                            :
                                                                  :   Chapter 11
FILMED ENTERTAINMENT INC.,                                        :
                                                                  :   Case No. 15-12244 (SCC)
                                                                  :
                                                                  :
         Debtor.                                                  :
------------------------------------------------------------------X
EDWARD P. BOND, Liquidating Trustee of the FEI                    :
Creditors' Liquidating Trust                                      :
                                                                  :
Plaintiff,                                                        :
                                                                  :
v.                                                                :
                                                                  :
JMCK CORP, BKSPN HOLDINGS, LLC, AND                               :   Adv. Pr. No. 17-1106 (SCC)
BOOKSPAN LLC                                                      :
                                                                  :
Defendants.                                                       :
                                                                  :
------------------------------------------------------------------X

**DEFENDANT BOOKSPAN LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT TO AVOID AND RECOVER PREFERENTIAL AND FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 AND 550**

Bookspan LLC, defendant in the above-captioned adversary proceeding (the "Defendant"), hereby submits the following answer and affirmative defenses (the "Answer") to the Complaint to Avoid and Recover Preferential and Fraudulent Transfers Pursuant to 11 U.S.C.

§§ 547 and 550 (the "Complaint") filed by Edward P. Bond as Liquidating Trustee of the FEI Creditors' Liquidating Trust ("Plaintiff" or "Trustee").

## ANSWER TO COMPLAINT[1]

1. Defendant admits that this adversary proceeding is brought within Case No. 15-12244 (SCC) now pending before the United States Bankruptcy Court for the Southern District of New York (the "Court").

2. Defendant admits that the Court has jurisdiction to consider this adversary proceeding.

3. Defendant admits that the Complaint purports to bring claims pursuant to 11 U.S.C. §§ 547, 550 and 551. Defendant denies the remaining allegations of Paragraph 3 of the Complaint.

4. Defendant admits that this matter is a core proceeding.

5. Defendant admits that venue is proper.

## PROCEDURAL BACKGROUND

6. Defendant admits the allegations set forth in Paragraph 6 of the Complaint.

7. Defendant admits the allegations set forth in Paragraph 7 of the Complaint.

## THE PARTIES/BACKGROUND

8. Defendant admits the allegations set forth in Paragraph 8 of the Complaint.

9. Paragraph 9 of the Complaint purports to state legal conclusions to which no response is required. To the extent allegations in Paragraph 9 of the Complaint require a response, Defendant denies the allegations.

---

[1] The Defendant denies each and every allegation and inference contained in the Complaint unless expressly admitted or otherwise stated.

2

10. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of the Complaint, and Defendant therefore denies such allegations.

11. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of the Complaint, and Defendant therefore denies such allegations.

12. Defendant admits the allegations set forth in Paragraph 12 of the Complaint.

13. Defendant denies the allegations set forth in Paragraph 13 of the Complaint.

## GENERAL ALLEGATIONS

14. Defendant admits the allegations set forth in Paragraph 14 of the Complaint.

15. Defendant denies the allegations set forth in Paragraph 15 of the Complaint insofar as they are made against or otherwise relate to Defendant, and is without sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations set forth in Paragraph 15 of the Complaint, and therefore denies such allegations. To the extent that the allegations contained in Paragraph 15 of the Complaint refer to matters of public record, Defendant respectfully refers this Court to the public record, and to the specific documents referred therein, as to any matters of public record.

16. Defendant denies the allegations set forth in Paragraph 16 of the Complaint insofar as they are made against or otherwise relate to Defendant, and is without sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations set forth in Paragraph 16 of the Complaint, and therefore denies such allegations. To the extent that the allegations contained in Paragraph 16 of the Complaint refer to specific documents, Defendant respectfully refers this Court to such documents for their contents.

17. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17 of the Complaint, and Defendant therefore denies such allegations. To the extent that the allegations contained in Paragraph 17 of the Complaint refer to matters of public record, Defendant respectfully refers this Court to the public record, and to the specific documents referred therein, as to any matters of public record.

18. Defendant denies the allegations set forth in Paragraph 18 of the Complaint insofar as they are made against or otherwise relate to Defendant, and is without sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations set forth in Paragraph 18 of the Complaint, and therefore denies such allegations. To the extent that the allegations contained in Paragraph 18 of the Complaint refer to specific documents, Defendant respectfully refers this Court to such documents for their contents.

19. Defendant denies the allegations set forth in Paragraph 19 of the Complaint insofar as they are made against or otherwise relate to Defendant, and is without sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations set forth in Paragraph 19 of the Complaint, and therefore denies such allegations. To the extent that the allegations contained in Paragraph 19 of the Complaint refer to matters of public record, Defendant respectfully refers this Court to the public record, and to the specific documents referred therein, as to any matters of public record.

20. Defendant denies the allegations set forth in Paragraph 20 of the Complaint insofar as they are made against or otherwise relate to Defendant, and is without sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations set forth in Paragraph 20 of the Complaint, and therefore denies such allegations.

21. Defendant denies the allegations set forth in Paragraph 21 of the Complaint insofar as they are made against or otherwise relate to Defendant, and is without sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations set forth in Paragraph 21 of the Complaint, and therefore denies such allegations.

22. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 22 of the Complaint, and Defendant therefore denies such allegations. To the extent that the allegations contained in Paragraph 22 of the Complaint refer to specific documents, Defendant respectfully refers this Court to such documents for their contents.

23. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 23 of the Complaint, and Defendant therefore denies such allegations. To the extent that the allegations contained in Paragraph 23 of the Complaint refer to specific documents, Defendant respectfully refers this Court to such documents for their contents.

24. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 24 of the Complaint, and Defendant therefore denies such allegations. To the extent that the allegations contained in Paragraph 24 of the Complaint refer to specific documents, Defendant respectfully refers this Court to such documents for their contents.

25. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 25 of the Complaint, and Defendant therefore denies such allegations. To the extent that the allegations contained in Paragraph 25 of the

Complaint refer to specific documents, Defendant respectfully refers this Court to such documents for their contents.

## COUNT ONE

**(Avoidance and Recovery of Preferential Transfers
Against Bookspan, LLC pursuant to 11 U.S.C. § 547)**

26. In response to Paragraph 26 of the Complaint, Defendant repeats, realleges and incorporates by reference herein its answers to Paragraphs 1 through 25 of the Complaint.

27. Defendant admits the allegations set forth in Paragraph 27 of the Complaint.

28. Defendant admits the allegations set forth in Paragraph 28 of the Complaint.

29. Defendant denies the allegations set forth in Paragraph 29 of the Complaint.

30. Defendant admits the allegations set forth in Paragraph 30 of the Complaint.

31. The allegations contained in Paragraph 31 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies such allegations.

32. The allegations contained in Paragraph 32 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies such allegations.

33. Defendant admits that it received payments from Filmed Entertainment Inc. (the "Debtor") and that such payments were applied to debts owed, or later incurred by the Debtor.

34. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 34 of the Complaint, and Defendant therefore denies such allegations.

35. The allegations contained in Paragraph 35 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies such allegations.

36. Defendant admits the allegations set forth in Paragraph 36 of the Complaint.

37. The allegations contained in Paragraph 37 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies such allegations.

38. The allegations contained in Paragraph 38 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies such allegations.

39. The allegations contained in Paragraph 39 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies such allegations.

40. The allegations contained in Paragraph 40 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies such allegations.

41. The allegations contained in Paragraph 41 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies such allegations.

## COUNT TWO

**(Avoidance and Recovery of Actual Fraudulent Conveyance Against All Defendants pursuant to 11 U.S.C. § 544 and N.Y. DCL § 276 *et seq.*)**

42. In response to Paragraph 42 of the Complaint, Defendant repeats, realleges and incorporates by reference herein its answers to Paragraphs 1 through 41 of the Complaint.

43. Defendant denies the allegations set forth in Paragraph 43 of the Complaint insofar as they are made against or otherwise relate to Defendant, and is without sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations set forth in Paragraph 43 of the Complaint, and therefore denies such allegations.

44. Defendant admits that the Debtor and the Defendant shared a common ownership. Defendant denies all other allegations set forth in Paragraph 44 of the Complaint insofar as they are made against or otherwise relate to Defendant, and is without sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations set forth in Paragraph 43 of the Complaint, and therefore denies such allegations.

## COUNT THREE

**(Avoidance and Recovery of Constructive Fraudulent Conveyance Against All Defendants pursuant to 11 U.S.C. § 544 and N.Y. DCL § 273 *et seq.*)**

45. In response to Paragraph 45 of the Complaint, Defendant repeats, realleges and incorporates by reference herein its answers to Paragraphs 1 through 44 of the Complaint.

46. Defendant denies the allegations set forth in Paragraph 46 of the Complaint insofar as they are made against or otherwise relate to Defendant, and is without sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations set forth in Paragraph 46 of the Complaint, and therefore denies such allegations.

47. Defendant denies the allegations set forth in Paragraph 47 of the Complaint insofar as they are made against or otherwise relate to Defendant, and is without sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations set forth in Paragraph 47 of the Complaint, and therefore denies such allegations.

48. Defendant denies the allegations set forth in Paragraph 48 of the Complaint insofar as they are made against or otherwise relate to Defendant, and is without sufficient

knowledge or information to form a belief as to the truth of the remainder of the allegations set forth in Paragraph 48 of the Complaint, and therefore denies such allegations.

## COUNT FOUR

### (Unjust Enrichment)

49. In response to Paragraph 49 of the Complaint, Defendant repeats, realleges and incorporates by reference herein its answers to Paragraphs 1 through 48 of the Complaint.

50. Defendant denies the allegations set forth in Paragraph 50 of the Complaint insofar as they are made against or otherwise relate to Defendant, and is without sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations set forth in Paragraph 50 of the Complaint, and therefore denies such allegations.

## AFFIRMATIVE DEFENSES

As a further Answer to the Complaint, and as and for its affirmative defenses to the allegations asserted in the Complaint, Defendant states and alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

Pursuant to 11 U.S.C. § 547(c)(1), the Trustee's claims for avoidance and recovery of alleged preferential transfers are barred to the extent that each of the alleged preferential transfers was intended by Defendant and the Debtor to be a contemporaneous exchange for new value provided by Defendant to the Debtor.

### SECOND AFFIRMATIVE DEFENSE

Each of the alleged preferential transfers actually received by Defendant was executed in payment of a debt incurred by the Debtor in the ordinary course of its business and, further, each of the alleged transfers was made in the ordinary course of business between the Defendant and the Debtor and/or according to ordinary business and industry terms. Accordingly, pursuant to

9

11 U.S.C. § 547(c)(2), the Trustee may not avoid or recover any of the alleged preferential transfers received by the Defendant.

### THIRD AFFIRMATIVE DEFENSE

After each of the alleged preferential transfers actually received by the Defendant was executed, Defendant provided new value to or for the benefit of the Debtor which was not secured by an otherwise unavoidable security interest, and on account of which the Debtor did not make an otherwise unavoidable transfer to or for the benefit of the Defendant. Accordingly, the Trustee may not avoid or recover any alleged preferential transfers received by the Defendant pursuant to 11 U.S.C. § 547(c)(4).

### FOURTH AFFIRMATIVE DEFENSE

The Trustee's prayer to recover costs and expenses of this lawsuit from the Defendant lacks any basis in law or equity and should be denied accordingly.

### FIFTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SIXTH AFFIRMATIVE DEFENSE

The Trustee's claims are barred by one or more applicable statutes of limitations.

### SEVENTH AFFIRMATIVE DEFENSE

The Trustee's claims are barred by the doctrines of laches, waiver, estoppel, setoff and/or recoupment.

### EIGHTH AFFIRMATIVE DEFENSE

To the extent that Defendant's contracts were assumed, or assumed and assigned, in the Debtor's bankruptcy case, the Trustee is estopped from pursuing claims for avoidance and recovery of alleged preferential transfers asserted in the Complaint.

### NINTH AFFIRMATIVE DEFENSE

To the extent that Defendant was under an obligation to transmit alleged preferential payments received from the Debtor to one or more third-parties, Defendant's role in such transfers was limited to that of a "mere conduit." Accordingly, to the extent it acted as a mere conduit, Defendant is not an initial transferee for purposes of 11 U.S.C. § 550, and the alleged preferential transfers are not avoidable.

### TENTH AFFIRMATIVE DEFENSE

The alleged damages claimed by the Trustee were caused by acts of others outside of Defendant's control.

### ELEVENTH AFFIRMATIVE DEFENSE

Defendant is not the recipient of any alleged fraudulent transfers from the Debtor during the relevant period.

### TWELFTH AFFIRMATIVE DEFENSE

The Trustee has failed to plead with the requisite specificity required under Fed. R. Bankr. P. 7009, which incorporates Fed. R. Civ. P. 9(b).

### THIRTEENTH AFFIRMATIVE DEFENSE

Defendant did not engage in either actual or constructive fraud, illegality, or breach of any duty owed to the Debtor.

### FOURTEENTH AFFIRMATIVE DEFENSE

Any action taken by the Defendant was not taken to hinder, delay or defraud the Debtor or creditors of the Debtor.

### FIFTEENTH AFFIRMATIVE DEFENSE

The Trustee has failed to plead the Debtor's intent to hinder, delay, or defraud creditors of the Debtor.

### SIXTEENTH AFFIRMATIVE DEFENSE

The Trustee's claims are barred by the *Wagoner* doctrine and/or *in pari delicto.*

### SEVENTEENTH AFFIRMATIVE DEFENSE

Any alleged fraudulent transfers may not be avoided against Defendant or recovered from Defendant under sections 544 and 550 of the Bankruptcy Code and sections 272 through 276 of the New York Debtor and Creditor Law to the extent Defendant took any such transfers without actual fraudulent intent and for fair consideration, as provided by section 278(2) of the New York Debtor and Creditor Law.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Any alleged fraudulent transfers may not be avoided against Defendant or recovered from Defendant under sections 544 and 550 of the Bankruptcy Code and sections 272 through 276 of the New York Debtor and Creditor Law to the extent Defendant took any such transfers for fair consideration and without knowledge of the fraud, as provided by section 278(1) of the New York Debtor and Creditor Law.

### NINETEENTH AFFIRMATIVE DEFENSE

Any alleged fraudulent transfers may not be recovered from Defendant under section 550(a) of the Bankruptcy Code where Defendant is not (a) an initial transferee of the transfers, (b) the entity for whose benefit the transfers were made, or (c) an immediate or mediate transferee of the transfers.

**TWENTIETH AFFIRMATIVE DEFENSE**

To the extent Defendant is an immediate or mediate transferee of any alleged fraudulent transfers, any such transfer is not recoverable from Defendant under section 550(b) of the Bankruptcy Code where Defendant took any such transfer for value, in good faith and without knowledge of the voidability of the transfer received.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

The Trustee's claims are barred under the single satisfaction rule set forth in section 550(d) of the Bankruptcy Code and/or under New York law.

**RESERVATION OF RIGHTS AND ADDITIONAL DEFENSES**

Defendant reserves the right to raise additional defenses and/or otherwise supplement the defenses asserted in this Answer, whether such additional defenses arise under federal law, state law, by statute, in equity, or at common law.

**WHEREFORE,** Defendant prays that judgment be entered in its favor and against the Trustee:

1. Dismissing the Complaint with prejudice and on the merits and ordering that the Trustee take nothing by this action;

2. Denying the Trustee's request for interest and reimbursement of costs; and

3. Awarding Defendant such other relief as the Court deems just and proper, including its costs and disbursements incurred herein.

Dated: October 26, 2017
New York, New York

Respectfully,

*Edward E. Neiger*
Edward E. Neiger, Esq.
Marianna Udem, Esq.
**ASK LLP**
151 West 46th Street, 4th Floor
New York, New York 10036
Telephone: (212) 267-7342
Facsimile:  (212) 918-3427

*Counsel to Bookspan LLC*

14