HALPERIN BATTAGLIA BENZIJA, LLP
Walter Benzija, Esq.
Carrie E. Essenfeld, Esq.
40 Wall Street
37th Floor
New York, NY 10005
Telephone: (212) 765-9100
Email: wbenzija@halperinlaw.net
        cessenfeld@halperinlaw.net
 -and-

OSBORN MALEDON PA
Warren J. Stapleton, Esq.
*pro hac vice* application pending
2929 N. Central Avenue, Suite 2100
Phoenix, AZ 85012
Telephone: (602) 640-9354
Email: wstapleton@omlaw.com
*Counsel to BKSPN Holdings, LLC and JMCK Corp.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
                                              :
In re:                                        :        Chapter 11
                                              :
FILMED ENTERTAINMENT INC.                     :        Case No. 15-12244(SCC)
                                              :
                              Debtor.[1]      :
                                              :
-------------------------------------------------------------x
                                              :
EDWARD P. BOND, Liquidating Trustee of the    :
FEI Creditors' Liquidation Trust,             :
                                              :
                              Plaintiff,      :        Adv. Pro. No. 17-1106(SCC)
                                              :
                                              :
 - against -                                  :
                                              :
JMCK CORP; BKSPN HOLDINGS, LLC,               :
AND BOOKSPAN LLC,                             :
                                              :
                              Defendants.     :
-------------------------------------------------------------x

---

[1]       The last four digits of the Debtor's federal tax identification number are 3867.

<u>**ANSWER**</u>

For their answer to the Complaint of Plaintiff Edward P. Bond, in his capacity as the Liquidating Trustee of the FEI Creditors' Liquidating Trust (the "<u>Trustee</u>"), defendants BKSPN Holdings, LLC ("<u>BKSPN</u>") and JMCK Corp., ("<u>JMCK</u>") collectively with BKSPN the "<u>Defendants</u>" admit, deny, and affirmatively alleges as follows:

**Jurisdiction and Venue**

1.      Defendants admit the allegations contained in paragraph 1 of the Complaint.

2.      Defendants admit the allegations contained in paragraph 2 of the Complaint.

3.      Upon information and belief, Defendants admit the allegations contained in paragraph 3 of the Complaint.

4.      Defendants admit the allegations contained in paragraph 4 of the Complaint.

5.      Defendants admit the allegations contained in paragraph 5 of the Complaint.

**Procedural Background**

6.      Upon information and belief, Defendants admit the allegations contained in paragraph 6 of the Complaint.

7.      Upon information and belief, Defendants admit the allegations contained in paragraph 7 of the Complaint.

**The Parties/Background**

8.      Upon information and belief, Defendants admit the allegations contained in paragraph 8 of the Complaint.

9.      Defendants lack sufficient information to affirm or deny the allegations contained in paragraph 9 of the Complaint and therefore deny same.

10.      Defendant JMCK admits the allegations contained of paragraph 10 of the Complaint.

11.      Defendant BKSPN was a Delaware limited liability company.  It has ceased operations and has no current place of business.  Defendants deny any remaining and contrary allegations contained in paragraph 11 of the Complaint.

2

12.     Defendants admit that Bookspan, LLC was a Delaware limited liability company, Defendants lack sufficient information to affirm or deny the remaining allegations contained in paragraph 12 of the Complaint and therefore deny same.

13.     Defendants deny the allegations contained in paragraph 13 of the Complaint.

## General Allegations

14.     Defendants lack sufficient information to affirm or deny the allegations contained in paragraph 14 of the Complaint and therefore deny same.

15.     Defendants admit that JMCK and BKSPN acquired 100% of Skymall, Inc., but deny any remaining and contrary allegations contained in paragraph 15 of the Complaint.

16.     Defendants lack sufficient information to affirm or deny the allegations contained in paragraph 16 of the Complaint and therefore deny same.

17.     Defendants admit the allegations contained in paragraph 17 of the Complaint.

18.     Defendants lack sufficient information to affirm or deny the allegations contained in paragraph 18 of the Complaint and therefore deny same.

19.     Defendants admit that JMCK retained its ownership interest in BKSPN but deny any remaining and contrary allegations contained in paragraph 19 of the Complaint.

20.     Defendants deny the allegations contained in paragraph 20 of the Complaint.

21.     Defendants deny the allegations contained in paragraph 21 of the Complaint.

22.     Defendants lack sufficient information to affirm or deny the allegations contained in paragraph 22 of the Complaint and therefore deny same.

23.     Defendants lack sufficient information to affirm or deny the allegations contained in paragraph 23 of the Complaint and therefore deny same.

24.     Defendants lack sufficient information to affirm or deny the allegations contained in paragraph 24 of the Complaint and therefore deny same.

25.     Defendants lack sufficient information to affirm or deny the allegations contained in paragraph 25 of the Complaint and therefore deny same.

## Count One – Section 547 claim against Bookspan

26.    Defendants admit, deny and affirmatively allege their answers to paragraphs 1-25 of the Complaint as if fully restated herein.

27.    Defendants lack sufficient information to affirm or deny the allegations contained in paragraph 27 of the Complaint and therefore deny same.

28.    Defendants lack sufficient information to affirm or deny the allegations contained in paragraph 28 of the Complaint and therefore deny same.

29.    Defendants lack sufficient information to affirm or deny the allegations contained in paragraph 29 of the Complaint and therefore deny same.

30.    Defendants lack sufficient information to affirm or deny the allegations contained in paragraph 30 of the Complaint and therefore deny same.

31.    Defendants lack sufficient information to affirm or deny the allegations contained in paragraph 31 of the Complaint and therefore deny same.

32.    Defendants lack sufficient information to affirm or deny the allegations contained in paragraph 32 of the Complaint and therefore deny same.

33.    Defendants deny the allegations contained in paragraph 33 of the Complaint.

34.    Defendants lack sufficient information to affirm or deny the allegations contained in paragraph 34 of the Complaint and therefore deny same.

35.    Defendants lack sufficient information to affirm or deny the allegations contained in paragraph 35 of the Complaint and therefore deny same.

36.    Defendants lack sufficient information to affirm or deny the allegations contained in paragraph 36 of the Complaint and therefore deny same.

37.    Defendants lack sufficient information to affirm or deny the allegations contained in paragraph 37 of the Complaint and therefore deny same.

38.    Defendants lack sufficient information to affirm or deny the allegations contained in paragraph 38 of the Complaint and therefore deny same.

39.     Defendants lack sufficient information to affirm or deny the allegations contained in paragraph 39 of the Complaint and therefore deny same.

40.     Defendants lack sufficient information to affirm or deny the allegations contained in paragraph 40 of the Complaint and therefore deny same.

41.     Defendants lack sufficient information to affirm or deny the allegations contained in paragraph 41 of the Complaint and therefore deny same.

Defendants deny the "relief requested" portion of Count One of the Complaint.

## Count Two – Actual Fraudulent Conveyance, All Defendants

42.     Defendants admit, deny and affirmatively allege their answers to paragraphs 1-41 of the Complaint as if fully restated herein

43.     Defendants deny the allegations contained in paragraph 43 of the Complaint.

44.     Defendants admit that the Debtor had a close relationship with JMCK and BKSPN through common ownership in December 2012, Defendants deny all remaining allegations contained in paragraph 44 of the Complaint.

Defendants deny the "relief requested" portion of Count Two of the Complaint.

## Count Three – Constructive Fraudulent Conveyance, All Defendants

45.     Defendants admit, deny and affirmatively allege their answers to paragraphs 1-41 of the Complaint as if fully restated herein

46.     Defendants deny the allegations contained in paragraph 46 of the Complaint.

47.     Defendants deny the allegations contained in paragraph 486 of the Complaint.

48.     Defendants deny the allegations contained in paragraph 48 of the Complaint.

Defendants deny the "relief requested" portion of Count Three of the Complaint.

## Count Four – Unjust Enrichment

49.     Defendants admit, deny and affirmatively allege their answers to paragraphs 1-48 of the Complaint as if fully restated herein

50.     Defendants deny the allegations contained in paragraph 50 of the Complaint.

Defendants deny the "relief requested" portion of Count Four of the Complaint.

**Affirmative Defenses**

1.      Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

2.      Plaintiff's Complaint is barred by estoppel, in pari delicto, unclean hands, and by Plaintiff's own wrongdoing.

3.      Upon information and belief, Plaintiffs' claims fail because the Debtor was solvent at the relevant times for purposes of fraudulent conveyance law.

4.      Plaintiff's claims fail because Defendants gave reasonably equivalent value in exchange for any transfer that occurred.

5.      Plaintiff's claims are barred by release and accord and satisfaction.

*Continued on next page*

Having fully answered Plaintiffs' Complaint, Defendants request that the Complaint be dismissed with prejudice, that Plaintiffs take nothing, and that Defendants be awarded their costs and expenses, including reasonable attorneys' fees, and for such other relief as the Court deems appropriate.

Dated: October 27, 2017
     New York, New York

                                      HALPERIN BATTAGLIA BENZIJA, LLP

                                      */s/ Walter Benzija*
                                      Walter Benzija, Esq.
                                      Carrie E. Essenfeld, Esq.
                                      40 Wall Street, 37th Flr.
                                      New York, NY 10005
                                      Telephone: (212) 765-9100
                                      Facsimile: (212) 765-0964
                                      Email: wbenzija@halperinlaw.net
                                             cessenfeld@halperinlaw.net
                                    -and-

                                    OSBORN MALEDON PA

                                    */s/ Warren J. Stapleton*
                                    Warren J. Stapleton,
                                    *pro hac vice* application pending
                                    2929 N. Central Avenue, Suite 2100
                                    Phoenix, AZ 85012
                                    Telephone: (602) 640-9354
                                    Facsimile: (602) 640-9050
                                    Email: wstapleton@omlaw.com

                                    *Counsel to BKSPN Holdings, LLC and JMCK Corp.*